IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:05CV221

| | |
|---|---|
| GRANNY SQUIRREL MOUNTAIN CLUB HOMEOWNERS ASSOCIATION, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) **ORDER OF REMAND**<br>) |
| ALBERT C. SPANGLER and wife, LYNN E. SPANGLER, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the following:

1. A notice of removal, filed September 26, 2005, by the Defendants;

2. Defendants' application to proceed without the prepayment of fees and affidavit, filed September 26, 2005; and

3. Defendants' motion for an injunction, filed October 6, 2005.

The Court first addresses the application to proceed without the prepayment of fees. The Defendants seek to remove this action from state court and thus, must pay a filing fee unless they qualify to proceed without paying the same. The Defendants disclose in the affidavit, signed only by Lynn Spangler, that one of them is employed and earns in excess of $2,000 per month. The Defendants have a checking account which contains $733 and they own a home worth $95,000. They also own three vehicles having a total value of approximately $7,000. Clearly, the Defendants do not qualify to proceed in this action without the prepayment of fees.

Moreover, this is not a matter which may be removed to federal court, there being neither diversity of citizenship nor federal question jurisdiction.[1] **28 U.S.C. § 1441.** Attached to the various filings are pleadings from the General Court of Justice, Superior Court Division, Cherokee County, North Carolina, showing that a foreclosure proceeding has been initiated against these Defendants by the Plaintiff. The foreclosure sale is presently scheduled for October 26, 2005. Defendants seek first to remove the foreclosure action to federal court and then to enjoin that foreclosure. Assuming *arguendo* that the Court had jurisdiction, it would abstain from interfering with the state court proceedings. ***In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 65 n.1 (1st Cir. 2002).** Moreover, a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction[.]" **28 U.S.C. § 2283.** No Act of Congress applies in this situation and no action is required in aid of the jurisdiction of this Court. Thus, for these reasons, the removal must be vacated and the case remanded to state court.

      **IT IS, THEREFORE, ORDERED** that the Defendants' application to proceed without the prepayment of fees is hereby **DENIED**;

      **IT IS FURTHER ORDERED** that the notice of removal is hereby **VACATED** and this matter is **REMANDED** to state court; and

      **IT IS FURTHER ORDERED** that the motion for injunctive relief is hereby **DENIED** for lack of jurisdiction.

---

[1] The Court rejects as frivolous the tax protestor type arguments contained within the Defendants' pleadings which attack the right of state courts to foreclose against property and veiled attempts to raise invalid constitutional claims.

**Signed: October 21, 2005**

Richard L. Voorhees
United States District Judge